

**FILED**

AUG 15 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re                                ) Case No. 10-42986-E-13
                                     ) Docket Control No. HDR-3
CYNTHIA A. SEAMAN and                )
STEVEN K. MARSCHKE,                  )
                                     )
        Debtor(s).                   )
_____)

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

**MEMORANDUM OPINION AND DECISION**

This Objection filed by the Debtors to Proof of Claim No. 10 filed for JPMorgan Chase Bank, N.A. has been set for hearing on the notice required by Local Bankruptcy Rule 3007-1(c)(1) and General Order 05-03, Paragraph 6(c/d). Creditor JPMorgan Chase Bank, N.A. filed an opposition.

The Proof of Claim at issue, listed as claim number 10 on the court's official claims registry, asserts a $242,157.44 claim. The Debtors object to the Claim on the basis that the claim asserts an indebtedness which is greater than the sum actually due. Debtors assert that the claim implies the obligation to make an ongoing payment in an amount greater than the amount due. Debtors state that the claimant erred in that it transferred money between its own accounts and the escrow account for property taxes and

1  insurance.

2  Creditor JPMorgan Chase Bank, N.A. filed a response on June 7,
3  2011 (Dckt. 75). Creditor states that Debtors believe the ongoing
4  monthly payment is $1,304.12, which is the amount listed on the
5  Note. The Debtors further provide that they never paid escrow
6  through their account and that if the property tax was recovered
7  through their escrow account, the payment would not be more than
8  $272.30 per month. Debtors are asking the court to reduce the
9  arrears included on creditor's proof of claim to $17,865.25, but
10 provide no explanation or breakdown of how that amount was
11 obtained.

## DISCUSSION

13 Section 502(a) provides that a claim supported by a Proof of
14 Claim is allowed unless a party in interest objects. Once an
15 objection has been filed, the court may determine the amount of the
16 claim after a noticed hearing. 11 U.S.C. § 502(b). It is settled
17 law in the Ninth Circuit that the party objecting to a proof of
18 claim has the burden of presenting substantial factual basis to
19 overcome the prima facie validity of a proof of claim and the
20 evidence must be of probative force equal to that of the creditor's
21 proof of claim. *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623
22 (9th Cir. 1991); *see also United Student Funds, Inc. v. Wylie (In
23 re Wylie)*, 349 B.R. 204, 210 (B.A.P. 9th Cir. 2006).

24 In focusing on the actual Objection, the court discerns the
25 following points:

26 1. The proof of claim states an arrearage which conflicts
27 with and is greater than the arrearage as set forth in statement
28 from this creditor. The pre-petition arrearage is stated to be

$32,404.68, which consists of 14 payments at $2,314.62 for the months of July 2009 through August 2010.

2. The proof of claim assets that the correct post-petition mortgage payment is $2,314.62, which the Debtors dispute. The Debtors allege that the monthly payment is $1,304.12. Declaration of Cynthia Seaman, Dckt. 62.

3. In the Debtors' prior Chapter 13 case $7,073.36 was disbursed on this claim. Declaration of Stephanie Nichols, Dckt. 63.

The Opposition of JPMorgan Chase Bank, N.A. is correct in so far as it states that the Objection to the Claim merely makes a general statement of what the Debtors want, not how they legally and factually get there. Some of the information is buried in declaration, some in exhibits. Though the court expected Exhibit F to be a spread sheet outlining the total claim and computation method, this is in part a narrative and the "spread sheet" portion is a list of monthly payments.

However, in its Opposition JPMorgan Chase Bank, N.A. does not clearly state how it computes past and current monthly payments of $2,314.62. At best it says that JPMorgan Chase Bank, N.A. believes that the payment should be $2,314.62.

JPMorgan Chase Bank, N.A. also makes the statement that "Although JPMorgan is not required to provide further documentation to support its proof of claim, JPMorgan, nonetheless, is in the process of obtaining documentation in support of the delinquent payments included on the proof of claim." Dckt. 75. In making this statement, JPMorgan Chase Bank, N.A. appears to have a misunderstanding of its obligations in asserting a claim and the

3

prima facie value of a proof of claim. A creditor has the ultimate burden of persuasion to demonstrate by a preponderance of the evidence its claim. The effect of the proof of claim is to shift the burden of production, not ultimate burden of persuasion. The objecting party provides evidence tending to defeat the claim by probative force equal to that alleged in the proof of claim. *Hardin v. Gianni (In re King St. Invs.)*, 291 B.R. 848, 859 (9th Cir. BAP 1998).

The proof of claim filed in this case for JPMorgan Chase Bank, N.A. is signed by William G. Malcolm. Mr. Malcolm is an attorney with the law firm Malcolm ◆ Cisneros, a law firm located in Irvine, California. This law firm represents a number of creditors in various actions before this court. There is nothing in the proof of claim indicating that Mr. Malcolm has any personal knowledge of this claim or the obligation owed to JPMorgan Chase Bank, N.A. In countering this apparent non-personal knowledge proof of claim, the Debtors have provided actual personal knowledge, non-hearsay testimony.

Rather than denying the Objection to Claim, the court sets this for a discovery and pretrial setting conference. At that time the court will also set a deadline for the Debtor to file a statement of issues and the methodology for computing the JPMorgan Chase Bank, NA claim, arrearage, and post-petition plan payment in this case.

This Decision constitutes the court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 9014 and 7052.

Dated: August 14, 2011

By the Court

Ronald H. Sargis, Judge
United States Bankruptcy Court

This document does not constitute a certificate of service. The parties listed below will be served a separate copy of the attached document(s).

---

Harry Roth
803 2nd St #D
Davis, CA 95616

William Malcolm
2112 Business Center Dr 2nd Fl
Irvine, CA 92612

JPMorgan Chase Bank N.A.
c/o Brett Ryan
505 N Tustin Ave #243
Santa Ana, CA 92705

Cynthia Seaman
1608 Clemson Dr
Davis, CA 95618

Steven Marschke
1608 Clemson Dr
Davis, CA 95618

David Cusick
PO Box 1858
Sacramento, CA 95812-1858

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814